IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE E. RODRIGUEZ | * |
| Plaintiff | * |
| v. | *   Civil No. 03-1097(SEC) |
| STATE INSURANCE FUND CORPORATION, et al. | * |
| Defendants | * |

**OPINION AND ORDER**

Before the Court is Defendants' motion for summary judgment (Docket # 32). The same was referred to U.S. Magistrate Judge Gustavo A. Gelpí for a Report and Recommendation (Docket # 64). On July 22, 2005 Magistrate Gelpí issued his Report recommending that the motion be granted in part and denied in part (Docket # 74). Neither party has filed objections to the Magistrate's Report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation and **GRANT in part and DENY in part** Defendants' motion for summary judgment.

**Standard of Review**

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharm., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y

**Civil No. 03-1097(SEC)**                                                                                              2

of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis and Conclusion**

Neither party has objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Gelpí's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Defendants' motion for summary judgment is **GRANTED in part and DENIED in part** and Plaintiff's cause of action for hostile work environment will be dismissed with prejudice. Partial Judgment shall be entered accordingly.

A Pretrial and Settlement Conference is hereby set for **August 23, 2005 at 10:00 A.M.**

**SO ORDERED.**
In San Juan, Puerto Rico, this 15th day of August, 2005.

S/ *Salvador E. Casellas*

SALVADOR E. CASELLAS
United States District Judge